UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KASSIUS WILLIAMS, ) | Case No.: 1:20 CV 978 |
| Plaintiff ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| WARDEN LASHAWN EPPINGER, ) | |
| Defendant ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner Kassius Williams's ("Williams" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1), pursuant to 28 U.S.C. § 2254. Under Local Rule 72.2, the court referred the matter to Magistrate Judge Jonathan D. Greenberg ("Magistrate Judge" or "Judge Greenberg") for a Report and Recommendation ("R & R") (ECF No. 12). For the following reasons, the court adopts Judge Greenberg's R & R (ECF No. 12), and denies the Petition (ECF No. 1) in its entirety.

Williams filed his Petition (ECF No. 1) on May 5, 2020, challenging his guilty plea to two counts of aggravated murder with three-year firearm specification charges and two counts of felonious assault with gun forfeiture specification charges, in his underlying case, *State v. Williams*, Cuyahoga County Court of Common Pleas, Case No. CR-17-615721-B. (R & R at PageID #587, ECF No. 12.) As a result of his guilty plea, the trial court held a hearing and sentenced Williams to 30 years to life for each aggravated murder conviction, to be served consecutively; three mandatory prior and consecutive years for each firearm specification; and seven years for each felonious assault conviction to be served concurrently, for a total of 66 years to life in prison. (*Id.* at PageID

#587  58.) The Petition asserts the following two grounds for relief:

> GROUND ONE: The trial court violated the Fifth and Sixth Amendment rights of Petitioner by accepting a guilty plea without inquiring about petitioner's mental health, understanding of the plea, and the visible breakdown in the attorney-client relationship.
>
> GROUND TWO: Petitioner is serving a felony sentence imposed in direct violation of the plain language [sic] Ohio statute, constituting a deprivation of the Fifth and Fourteenth Amendment right to due process.

(*Id.* at PageID #590  91.) Respondent Warden Lashann Eppinger ("Respondent") filed a Return of Writ (ECF No. 8) on July 21, 2020. In turn, Williams filed his Traverse (ECF No. 10) on December 3, 2020. Judge Greenberg submitted his R & R (ECF No. 12) on June 23, 2022, recommending that the court deny and dismiss the Petition in its entirety. With respect to Williams's first ground for relief, the R & R finds that it fails on the merits, for the following three reasons. First, the R & R finds that Williams's argument, that he "repeatedly indicated that he was confused by the plea agreement and the consequences of the plea", does not give rise to relief. (R & R at PageID #599, ECF No. 12.) The record demonstrates that the trial court conducted a thorough plea colloquy and offered detailed answers and explanations to Petitioner's questions regarding the plea agreement. (*Id.* at PageID #602.) Second, with respect to his assertion that the trial court did not consider mental health issues he raised at the time of his sentencing, the R & R finds that there is no evidence in the record to demonstrate that the Ohio Court of Appeals' determination   that "there is nothing in the record to suggest that Williams had a psychiatric diagnosis that prevented him from understanding the proceedings"   is either erroneous or unreasonable. (*Id.* at PageID #604.) The R & R concludes as follows:

> [i]n sum, the undersigned finds that Williams has not shown that the Ohio Court of Appeals' factual finding   that Williams understood the rights he was waiving by pleading guilty, the nature of the charges, and the potential penalties he could receive   was unreasonable or that its decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.

(*Id.*) Third, in regard to Williams's claim of ineffective assistance of counsel, the R & R concludes that Williams has not shown that the Ohio Court of Appeals' finding, that the record did not show a complete breakdown in the attorney-client relationship, was based on an unreasonable determination of the facts in light of the evidence presented to it or that its determination was contrary to Supreme Court precedent. (*Id.* at PageID #608.)

Next, as to Williams' second ground for relief, the R & R succinctly concludes that his arguments, relative to the constitutionality of his sentence under Ohio law, are not cognizable because they rest solely on state law and he has not shown that a federal constitutional violation occurred. (*Id.* at PageID #609); *see also Teneyuque v. Palmer*, No. 2:17-CV-13833, 2020 WL 1888828, at *8 (E.D. Mich. Apr. 16, 2020) ("Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limit or is wholly unauthorized by law.").

On July 7, 2022, Williams filed his Objection (ECF No. 13) to Judge Greenberg's R & R. In response, Respondent filed a Reply (ECF No. 14) to Williams's Objection on July 13, 2022. Williams asserts three objections to the R & R. First, Williams raises the same factual disputes identified in his Traverse, maintaining that Judge Greenberg did not properly consider the factual disputes in the record relative to his failure to understand the nature of the plea agreement; otherwise, he would have reached a different conclusion. *See* (Obj., ECF No. 13) (citing to the same factual objections that were raised in his traverse); *cf.* (ECF No. 10). However, an objection that summarizes what has already been presented or merely states a disagreement with a magistrate's conclusion, is not truly an objection. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Second, Williams objects to Judge Greenberg's failure to discuss whether a Fourth Circuit case, *United States v. Nicholson*, 676 F.3d 376 (4th Cir. 2012) which Judge Greenberg failed to consider in light of the Ohio Court of Appeals' findings on the issue is applicable to the issues at bar with

-3-

respect to his second ground for relief, stating: "[t]he Magistrate's Report mentioned the *Nicholson* opinion, but offered no statement whether or not the Nicholson [sic] reasoning should be persuasive authority in the case at bar. Counsel objects to the Report's failure to discuss whether or not the legal reasoning found in *Nicholson* should be analyzed . . . ." (Obj. at PageID #616, ECF No. 13.) However, Williams's objection fails because *Nicholson* is not clearly established law for purposes of a habeas corpus petition. In relevant part, 28 U.S.C. § 2254(d)(1) states that:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

The Supreme Court has held that clearly-established federal law for purposes of § 2254(d)(1) includes only "the holdings, as opposed to the dicta, of this Court's decisions." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Therefore, *Nicholson* is not clearly-established law that necessitated Judge Greenberg's consideration. Accordingly, Williams's second objection fails.

Third, Williams once again disputes whether *State v. Bonnell*, 16 N.E.3d 659 (Ohio 2014) interpreted O.R.C. § 2929.14(C)(4) to require a trial court to make certain findings before imposing consecutive sentences. He maintains that a paragraph in Judge Greenberg's R & R that found that none of the cases Williams cited supported his position was erroneous. (Obj. at PageID #617, ECF No. 13.) Yet, the R & R already considered this argument and found it to be unpersuasive. As such, Williams' objection does not constitute a true objection for purposes of his Petition. *See Aldrich*, 327 F.Supp.2d at 747 (noting that an objection "that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" . . . .").

After careful *de novo* review of the R & R, Williams's Objection, and all other relevant

-5-

documents in the record, the court finds that Judge Greenberg's recommendations are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Accordingly, the court adopts the R & R in its entirety and hereby denies and dismisses the Petition. The court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

  IT IS SO ORDERED.

              */s/ SOLOMON OLIVER, JR.*
              UNITED STATES DISTRICT JUDGE

December 29, 2022